**Zhau LIANG WU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–4198.**

United States Court of Appeals, Second Circuit.

Dec. 9, 2003.

—

Joshua Bardavid, New York, N.Y. (Theodore N. Cox, on the brief), for Petitioner.

Andrew M. McNeela, Assistant U.S. Attorney (Sara L. Shudofsky, Assistant U.S. Attorney, on the brief), for James B. Comey, U.S. Attorney for the Southern District of New York, for Respondent.

Present: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the BIA's decision be and it hereby is DENIED.

Zhau Liang Wu petitions for review of an August 2000 order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's June 1994 decision denying Wu's application for asylum and withholding of deportation. A citizen of the People's Republic of China, Wu arrived in the United States in November 1992 and applied for asylum on the grounds that he had been persecuted for violating China's one-child family planning policy and that he feared future persecution. Wu contended that after his second daughter had been born, his wife, who was a registered Catholic, refused to take measures to prevent a future pregnancy, in consequence of which the Chinese authorities forced her to be fitted with an IUD. When his wife's body allegedly rejected the IUD, Wu contended that he himself was ordered sterilized but refused, pur-

portedly for religious reasons. Wu claimed that although he was Catholic, he kept his religious affiliation hidden from governmental authorities because he was a member of a Vatican-oriented Roman Catholic Church instead of the state-sanctioned Patriotic Catholic Church. As a result of his refusal to comply with the sterilization order, Wu asserted that he was fined and ultimately terminated from his job. Fearing for his safety, Wu contended that he fled China and made his way to the United States.

The Immigration Judge denied Wu's application and the BIA affirmed, both essentially concluding that Wu was not credible. In his petition for review to this Court, Wu argues that the BIA erred in denying his appeal on the basis of an adverse credibility finding. For the reasons below, we disagree.

We review for the existence of substantial evidence the BIA's determinations of whether an asylum applicant has established past persecution or a well-founded fear of future persecution, as well as its determinations regarding applications for withholding of deportation. *See Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003); *Melgar de Torres v. Reno,* 191 F.3d 307, 312–13 (2d Cir.1999); *Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 218 (2d Cir.1991). In so doing, we accord the BIA's factual findings "substantial deference." *Melgar de Torres,* 191 F.3d at 313 (internal citation omitted). Credibility findings in particular are entitled to deference. *See Qui v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003); *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

Applying the substantial evidence test, we see no reason to disturb the BIA's conclusions. First, the BIA noted that two key documents that Wu submitted in support of his application—the certificate

from his Catholic church and his family's household member book—contained *no* reference to a second child. Even if the second child's absence from the household member book could be explained by the fact that her birth was not sanctioned, that does not explain why this child was not listed on the church certificate, which indicated that every other member of Wu's family had been baptized within a year of birth. Second, the BIA found inconsistencies in Wu's statements regarding the circumstances under which an IUD was implanted in his wife's body. Third, the BIA found inconsistencies in Wu's testimony regarding his religious affiliation and his fear of persecution. For example, although Wu's wife was identified as a Catholic in his family's household register, Wu himself was not designated as having any religious affiliation. The BIA concluded that these discrepancies and inconsistencies, by casting significant doubt on Wu's statements, rendered his testimony not credible.

Although different conclusions concerning Wu's credibility were certainly possible, we are not prepared, on the basis of the record before us, to conclude that it lacked substantial evidence to justify the BIA's adverse credibility determination.

The petition for review of the BIA's decision is DENIED.